# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sara Caldwell,

                      Plaintiff,    Case No. 18-cv-12752

v.                                      Judith E. Levy
                                       United States District Judge

9173-7999 Québec, Inc. d/b/a,
Cardinal Logistique, and Rejean    Mag. Judge David R. Grand
Carreau,

                     Defendants.

_____/

# OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DEFENDANTS' INSURER STATEMENT [34]

This is an auto negligence action stemming from a car crash in March 2018. (ECF No. 1.) Plaintiff Caldwell alleges that Defendant Carreau unlawfully changed lanes and struck Plaintiff. (*Id.* at PageID.2.) Plaintiff further alleges that Defendant Carreau's employer, Defendant Cardinal Logistique, is vicariously liable for Defendant Carreau's negligence. (*Id.* at PageID.5–6.)

Before the Court is Plaintiff's motion to compel the discovery of Defendant Carreau's statement to Defendant Cardinal's insurer. (ECF No. 34.) Because Defendants did not respond to Plaintiff's interrogatories until more than three months had passed—well beyond the thirty-day deadline specified in Federal Rules of Civil Procedure 33 and 34—Defendants waived their objections and must produce the statement. Plaintiff's motion to compel is GRANTED.

**BACKGROUND**

On April 14, 2019, Plaintiff served Defendants with interrogatories and document production requests pursuant to Federal Rules of Civil Procedure 33 and 34. (ECF No. 34-1, PageID.290–293.) Both Rules require that parties respond with any answers or objections within thirty days. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Both Rules allow parties to seek a stipulated extension of the timelines, and Rule 33 specifically provides that failure to timely object may result in a waiver of any objection. Fed. R. Civ. P. 33(b)(4). On July 30, 2019, Defendants untimely responded to Plaintiff's requests and asserted several objections and privileges.

On October 21, 2019, Plaintiff filed a motion to compel various items of discovery from Defendants. (ECF No. 31.) After striking the

2

motion as nonconforming with chambers guidelines and holding a conference with the parties, the Court ordered Defendants to produce a majority of Plaintiff's requested items. (ECF No. 35.) However, a dispute remained regarding a June 2018 statement that Defendant Carreau provided to Defendant Caldwell's insurer. (*See* ECF No. 36-2, PageID.378.) The Court granted the parties leave to brief this final outstanding issue: whether statements given to insurers are protected under the work-product privilege as a document made "in anticipation of litigation." (*See* ECF No. 35, PageID.367.)

Having reviewed the parties' briefs and documents, the Court now concludes that Defendants' untimely responses to the Rule 33 and 34 requests constituted a waiver of all objections, including privileges, and it is unnecessary to reach the question of whether the insurer statement is privileged. Defendants must produce the statement.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 33 governs interrogatories, and Federal Rule of Civil Procedure 34 governs document production. Both Rules establish a thirty-day deadline for responses, and Rule 33 explicitly notes that untimely objections "[are] waived unless the court, for good

3

cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). District courts in the Sixth Circuit have held that the waiver applies to both Rule 33 interrogatories and Rule 34 document production requests. *Firneno v. Nationwide Marketing Services, Inc.*, No. 14-10104, 2015 WL 132805453, at *3 (E.D. Mich. Dec. 10, 2015) ("Although Rule 34, unlike Rule 33, does not specifically state that objections are waived after 30 days, the considerable weight of authority is that the failure to timely object to requests for production of documents also constitutes a waiver."); *See also Patton v. Aerojet Ordinance Co.*, 765 F.2d 604, 609 (6th Cir. 1985) (noting that the district court should have "determined whether defendants failed timely to object to the answers and whether they thereby waived any objection"); *Carfagno v. Jackson Nat. Life Ins. Co.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) ("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (quoting *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)).

The waiver applies to objections based on privilege. *Hennigan v. Gen. Electric Co.*, No. 09-11912, 2011 WL 1321444, at *1–4 (E.D. Mich.

June 1, 2011) (finding that the defendant waived both its attorney-client privilege and its work-product privilege due to its failure to assert them within thirty days of the plaintiff's discovery request); *Cleveland Indians Baseball Co. v. United States*, No. 96-2240, 1998 WL 180623, at *4 (N.D. Ohio Jan. 28, 1998) ("This rule applies with equal force to all objections, including those based on attorney-client privilege or attorney work product.").

Before waiving a party's discovery objections, courts must first determine that the waiver is "equitable." *Carfagno*, 2001 WL 34059032, at *1. That is, courts should "examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests." *Id.*, *see also Firneno*, 2015 WL 132805453, at *3 (finding that the defendant waived all discovery objections but ordering production of only certain relevant documents). For the following reasons, the Court finds that Defendants have waived their right to assert a work-product privilege to the insurer statement, and that the waiver is equitable.

In this case, Defendants have not provided an explanation as to why they waited more than three months to assert their objections and

privileges. (*See* ECF No. 34-1, PageID.290–317.) When Plaintiff pointed out the delay in her supplemental briefing, (ECF No. 34, PageID.284), Defendants declined to respond. The circumstances do not, therefore, excuse Defendants' late response.

As to prejudice, "one type of prejudice is the delay in obtaining responsive documents," while "the other prejudice is the failure to obtain relevant documents at all." *Hennigan*, 2011 WL 13214444, at *4. Defendants argue that Plaintiff has no substantial need for the insurer statement because "[Plaintiff] will have the opportunity to depose Carreau in discovery." (ECF No. 36, PageID.370.) However, the statements—made more than a year apart—may not contain the same information. As Plaintiff points out, Defendant Carreau's statement may be "contradictory to his anticipated deposition testimony, or the defenses made in this case." (ECF No. 34, PageID.287.) While the prejudice to Plaintiff is not as significant as it would be were Defendant Carreau an unavailable deponent, Plaintiff would certainly be prejudiced without this information. And although Plaintiff has not argued that she has been prejudiced by the passage of time, some degree of prejudice is inherent in

6

any significant delay of information that might lead to further relevant discovery.

As to facial propriety, courts have an independent duty, when compelling discovery, to confirm that the request is "relevant to the subject matter involved in the action." *See Firneno*, 2015 WL 132805453, at *3; Fed. R. Civ. P. 26(b)(1); 37(a)(3)(B). In this case, Defendant Carreau's insurer statement about the accident is certainly relevant to Plaintiff's claim that Defendant Carreau negligently caused the accident. Defendants have not argued otherwise. Nor have Defendants argued that Plaintiff's request is burdensome or defective in any other way that would suggest that it lacks facial propriety. The Court sees no such defect on the face of Plaintiff's request.

"If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action . . . [a]ny other result would completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Carfagno*, 2001 WL 34059032, at *1 (internal quotations omitted). For the foregoing reasons,

the Court GRANTS Plaintiff's motion to compel and orders Defendants to provide the June 2018 insurer statement to Plaintiff.

IT IS SO ORDERED.

Dated: December 19, 2019      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
                                   United States District Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 19, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                   s/William Barkholz
                                   Case Manager