# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sara Caldwell,

                          Plaintiff,    Case No. 18-cv-12752

v.

                                      Judith E. Levy
                                      United States District Judge

9173-7999 Québec, Inc. d/b/a,
Cardinal Logistique, and Rejean    Mag. Judge David R. Grand
Carreau,

                        Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [39]

This is an auto negligence action stemming from a car accident in March 2018. (ECF No. 1.) Plaintiff Caldwell alleges that Defendant Carreau unlawfully changed lanes and struck Plaintiff. (*Id.* at PageID.2.) Plaintiff further alleges that Defendant Carreau's employer, Defendant Cardinal Logistique, is vicariously liable for Defendant Carreau's negligence. (*Id.* at PageID.5–6.)

On December 19, 2019, the Court granted Plaintiff's motion to compel discovery of Defendant Carreau's post-accident statement to

Defendant Cardinal's insurer, finding that Defendants' untimely discovery responses constituted a waiver of all objections and privileges under Federal Rules of Civil Procedure 33 and 44. (ECF No. 38.) Before the Court is Defendants' motion for the Court to reconsider its decision. Because Defendants have not demonstrated that the Court committed a palpable defect, or that correcting the defect would result in a different disposition of the case, Defendants' motion is DENIED.

**BACKGROUND**

On April 14, 2019, Plaintiff served Defendants with interrogatories and document production requests pursuant to Rules 33 and 34. (ECF No. 34-1, PageID.290–293.) Both Rules require that parties respond with any answers or objections within thirty days. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Both Rules allow parties to seek a stipulated extension of the timelines, and Rule 33 specifically provides that failure to timely object will result in a waiver of any objection unless the Court "excuses the failure" for good cause. Fed. R. Civ. P. 33(b)(4). On July 30, 2019, Defendants untimely responded to Plaintiff's requests and asserted several objections and privileges.

2

On October 21, 2019, Plaintiff filed a motion to compel various items of discovery from Defendants. (ECF No. 31.) After striking the motion as nonconforming with chambers guidelines and holding a telephonic conference with the parties, the Court ordered Defendants to produce the majority of Plaintiff's requested items. (ECF No. 35.) However, a dispute remained regarding a June 2018 statement that Defendant Carreau provided to Defendant Caldwell's insurer. (*See* ECF No. 36-2, PageID.378.) The Court granted the parties leave to brief this final outstanding issue: whether statements given to insurers are protected under the work-product privilege as a document made "in anticipation of litigation." (*See* ECF No. 35, PageID.367.)

Plaintiff's brief began with the argument that Defendants had exceeded their discovery response time by more than two months. Though Plaintiff argued that such a delay constituted a waiver of all objections and privileges under Rules 33 and 34—and that Defendants' privilege argument was therefore moot—Defendants declined to respond to this argument in their own subsequent brief. Agreeing with Plaintiff that Defendants' untimely responses to the Rule 33 and 34 requests constituted a waiver of all privileges, the Court ordered Defendants to

3

produce the statement without reaching the question of whether the privilege applied to Defendants' insurer statement. (ECF No. 38.)

Defendants filed a timely motion for reconsideration of this decision. (ECF No. 39.) Defendants argue that the Court "misled" the parties by ordering supplemental briefing on the privilege question and then determining that Defendants had waived their right to object in the first instance. (ECF No. 39, PageID.416.) Defendants further argue that the Court palpably erred because "Defendants were not given a full and fair opportunity to address the waiver issue because of the limitations imposed by the court—to limit the briefing to the work product issue and the page limitation." (*Id.* at PageID.416.) Finally, Defendants request the opportunity "to brief the waiver issue and convince this court that there is no waiver or no waiver that warrants overriding the privilege applicable to the statement." (*Id.* at PageID.417.)

**LAW AND ANALYSIS**

As Defendants correctly articulate, successful motions for reconsideration require that the movant "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled[,] but also show that

correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, umistakable, manifest or plain." *Tyson v. Sterling Rental, Inc.*, No. 13-13490, 2015 WL 12819204, at *1 (E.D. Mich. March 31, 2015) (quoting *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997)). A movant demonstrates palpable defect by showing that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Because Defendants cannot demonstrate that the Court palpably erred—and did not even attempt to demonstrate that a correction of such an error would result in a different outcome—the motion will be denied.

Defendants argue that reconsideration is warranted because the Court did not provide Defendants a "full and fair opportunity to address the waiver issue" before determining that Defendants waived their right to object. (ECF No. 39, PageID.417.) However, Plaintiff put Defendants on notice by raising this issue in her brief. Defendants therefore essentially argue that they should be excused for failing to address a damaging argument. The Rules simply do not require the Court to police

5

parties' responsiveness in this manner, and the Court declines to find that it committed palpable error by holding Defendants to their answer.

Additionally, the fact that the Court discovered Defendants' waiver during supplemental briefing does not negate the fact that the waiver had, in fact, already taken place. Rules 33 and 34 provide parties with a thirty-day deadline for responses to interrogatories and document production requests. Fed. R's Civ. P. 33(b)(4); 34(b)(2)(a). Rule 33's waiver provision, which applies to both rules, explicitly notes that "[a]ny ground not stated in a timely objection *is waived* unless the court, for good cause, excuses the failure." *Id.* (emphasis added). *See, e.g.*, *Firneno v. Nationwide Marketing Services, Inc.*, No. 14-10104, 2015 WL 132805453, at *3 (E.D. Mich. Dec. 10, 2015); *Carfagno*, 2001 WL 34059032, at *2 (rejecting the argument that "waiver under Rules 33 and 34 is not automatic" and highlighting the "unobjectionable proposition that a court may, in its discretion, relieve a party of its waiver and consider the merits of an objection").

While the Rules grant courts the discretion to "consider the merits of an objection," the Rules do not require the Court to solicit good cause from a party that already had an opportunity to provide it. The Court is

unpersuaded by Defendants' argument that "Defendants did not address [P]laintiff's waiver argument for a simple reason—the court never asked the parties to brief that issue." (ECF No. 39, PageID.413.) While it is true that the Court asked parties to brief the substantive insurer privilege question, a necessary antecedent to that question is whether Defendants have a right to assert the privilege in the first place. Plaintiff made two arguments as to why the privilege is inapplicable in this case: 1) Defendants waived it through their untimely discovery responses; and 2) Even if Defendants had not waived the privilege, the privilege is inapplicable to this insurer statement. In choosing to respond only to Plaintiff's second argument, Defendants declined their opportunity to speak to the antecedent question. The Court did not palpably err in holding them to this decision.

Finally, even if the Court were to find that it palpably erred in failing to issue a show-cause on the discovery waiver, Defendants have not demonstrated that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). Defendants ask for a "full and fair opportunity to . . . convince this court that there is no waiver or no waiver that warrants overriding the privilege applicable to the

7

statement," (ECF No. 39, PageID.417), but that opportunity was the motion for reconsideration itself. Absent any evidence that granting this motion would alter the outcome of the Court's prior Order, the Court declines to provide Defendants with a third opportunity to demonstrate good cause for their delay.

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: January 28, 2020　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, January 28, 2020, using the Electronic Court Filing system and/or first-class U.S. mail.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　Case Manager